The Supreme Court reversed the decision of the court below on May 22, 1874, in the following opinion per
Gordon, J.
We discover no error in the ruling of the Court below, except in the insti’uction in reference to vindicatory damages. The jury were charged that if the evidence satisfied them the trespass was wilful or the result of gross negligence, the measure of damages would, in such case, be the price of the ore at the mouth of the mine, without any deduction for expense of mining. This was erroneous, because the Court thus fixed the measure of the punitive damages. That vindictive damages may be imposed upon a defendant when he has wontonly or maliciously invaded . the plaintiff’s property, cannot be doubted, but whether the defendant shall be so punished, and if so, to what extent, are ques *175 tions peculiarly within the province of the jury : Nagle v. Mullison, 10 Ca. 48. The Court should, therefore, have said to the jury, after instructing them as they rightly did, that under the ordinary circumstances of a trespass ignorantly committed upon the plaintiffs’ land, the damages were to be measured by the value of the ore in place, if they believed the defendants acted in wanton disregard of the plaintiffs’ rights they might add to such damages so much as they might think reasonable in order to vindicate the wanton wrong so committed.
The Court having erred in the matter indicated the judgment is now reversed and a venire facias de novo awarded.
Note. — This case was tried again, a verdict for $14,000 rendered, and was taken to Supreme Court again and affirmed; 3 Weekly Notes of Cases 103.